IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TORI L. ADAMS and GERRILYN V. GRANT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:11-CV-621-WKW [WO] ) |
| OFFICE OF THE ATTORNEY GENERAL, STATE OF ALABAMA, a governmental agency; and TROY KING, an individual, in his official and individual capacities, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court are Defendant Office of the Attorney General's ("OAG") Motion to Dismiss (Doc. # 8) and Defendant former Attorney General Troy King's Motion to Dismiss (Doc. # 10). Mr. King's motion is accompanied by a supporting brief. (Doc. # 11.) Plaintiffs filed responses in opposition to the motions to dismiss (Docs. # 18 & 19), to which Mr. King replied (Doc. # 24). After careful consideration of the arguments of counsel and the relevant law, the court finds that the motions are due to be granted in part and denied in part.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Personal jurisdiction and venue are not contested, and there are adequate allegations in support of both.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 1950 (brackets added; citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (*Twombly* formally retired "the often-criticized 'no set of facts' language previously used to describe the motion to dismiss standard." (citation omitted)).

### III. FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2011, Plaintiffs filed suit alleging race and gender discrimination by Defendants. Plaintiffs claim Defendant OAG violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* on the bases of race and gender discrimination and retaliation, and 42 U.S.C. § 1981, via 42 U.S.C. §1983, on the bases of race discrimination and retaliation. (Compl. ¶ 1.) They allege that they were denied promotions to Division Chief and other senior attorney positions because they were black and female, in favor of white attorneys, and that they were wrongfully

removed from their positions as Administrative Law Judges due to discrimination.

Plaintiff Gerrilyn Grant ("ALJ Grant") makes the following allegations in the complaint: In February 2008, Mr. King transferred her from the Violent Crimes Division to the Administrative Hearings Division. This transfer effectively took ALJ Grant out of consideration for the Division Chief position of the Violent Crimes Division. In July 2008, Mr. King appointed Julie Weller, a white female, as Chief Administrative Law Judge, a position that ALJ Grant claims should have been hers based on experience and seniority.

Plaintiff Tori Adams ("ALJ Adams") has served as an Administrative Law Judge since 1993 when she began working in the Administrative Hearings Division. She claims that Mr. King unlawfully denied her promotions from Attorney III to Attorney IV in 2005, 2006, December 7, 2007, and most recently on July 1, 2008. ALJ Adams also alleges that she should have received a promotion to Chief Administrative Law Judge, which was assigned to ALJ Weller in July 2008, or to Division Chief of the Family Protection Division, which was assigned to Kelly Hawkins, a white female, sometime prior to January 9, 2009.

In late November 2008, Mr. King closed the Administrative Hearings Division. Mr. King allegedly closed the Division out of discriminatory animus and to retaliate against Plaintiffs for filing complaints about racial discrimination. Plaintiffs argue

that Mr. King falsely claimed that the closure was due to budgetary shortfalls. ALJ Adams was assigned to the Civil Litigation section and ALJ Grant to the Capital Appeals section following the "closure" of the Administrative Hearings Division. Plaintiffs allege the Administrative Hearings Division continued to operate without them, but with ALJ Weller. In essence, Plaintiffs allege they were terminated from their positions as Administrative Law Judges and transferred unwillingly to other divisions.

OAG filed a motion to dismiss claiming that a legal entity called the "Office of the Attorney General" does not exist and that Plaintiffs' § 1983 claims are barred by the Eleventh Amendment. (Doc. # 8.) OAG's motion to dismiss did not contest the Title VII claims brought against it on any other grounds. Plaintiffs responded to the motion to dismiss by citing sections of the Code of Alabama that refer to the "Office of the Attorney General" and requesting leave to amend their complaint if the "Office of the Attorney General" is not the proper name, and also leave to name the current Attorney General, Luther Strange, in his official and individual capacities. (Doc. # 18.)

Mr. King filed a Rule 12(b)(6) motion to dismiss based on Plaintiffs' failure to state a claim. (Doc. # 10 ¶ 2.) Mr. King contends that Plaintiffs' § 1983 monetary damages claims against him in his individual capacity are barred by the two-year

statute of limitations and qualified immunity. (Doc. # 10 ¶ 3.) Mr. King also argues that relief against him in his official capacity under § 1983 is barred by the Eleventh Amendment and that equitable relief cannot be enforced against him since he no longer holds the office of Attorney General. (Doc. # 10 ¶ 3.) Plaintiffs responded to Mr. King's motion to dismiss claiming the applicable statute of limitations is four years, rather than two, since their claims fall within the amended subsection of § 1981. Plaintiffs concede that the § 1983 monetary damages claims against Mr. King in his official capacity should be dismissed based on Eleventh Amendment Immunity.[1] (Doc. # 19.)

## IV. DISCUSSION

**A.     Claims Against OAG**

OAG claims that it is not subject to suit since there is no legal entity named OAG. (Doc. # 8 ¶ 1.) It is unclear whether OAG is asserting that it was sued under an improper title, or if it is alleging that another entity is the proper party to be sued. OAG has not presented argument or any support for this contention. OAG has failed to demonstrate under Title VII that it is not an entity that can be sued or that it is not Plaintiffs' employer. *See generally Busby v. City of Orlando*, 931 F.2d 764, 772 (11th

---

[1] A assertion of a claim for Eleventh Amendment immunity requires a Rule 12(b)(1) analysis, which is not necessary here because Plaintiffs have conceded that this § 1983 claim should be dismissed.

Cir. 1991) ("[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."). At this time, OAG has offered insufficient grounds to justify dismissal of the Title VII claims.

However, the § 1981 claims brought pursuant to § 1983 cannot survive against OAG. The Attorney General's Office is not "subject to suit or liability under § 1983." *Ledlow v. State*, No. 08cv269, 2008 WL 2157007 at *1 (M.D. Ala. May 21, 2008); *see generally Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (a proper defendant under § 1983 must be either a person or a "legal entity subject to suit"). Thus, dismissal of these claims against OAG is required.

**B.      Plaintiffs' Claims Against Mr. King in his Official Capacity**

Plaintiffs concede that the monetary claims under § 1981, via § 1983, against Mr. King in his official capacity are due to be dismissed, but they retain their claims for declaratory and injunctive relief.[2] (Doc. # 19.) However, Mr. King is no longer the Attorney General of Alabama. This court addressed a similar claim in a suit against a former sheriff and determined that to allow an official capacity claim against former officials would be "to allow them to be sued as representatives of an entity that they . . . no longer represent." *Williams v. Goldsmith*, 4 F. Supp. 2d 1112, 1122 (M.D.

---

[2] Mr. King is not sued under Title VII because Plaintiffs have alleged that OAG is Plaintiffs' employer for Title VII purposes.

7

Ala. 1998). The court reasoned that an official capacity claim exists in order to impose liability on the entity, not the individual. *Id.* at 1121. Therefore, Plaintiffs' claims against Mr. King in his official capacity are due to be dismissed.

However, according to Fed. R. Civ. P. 25(d), "[w]hen a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, the . . . officer's successor is automatically substituted as a party." Thus, Plaintiffs may move to amend their complaint, in compliance with local rules, to substitute current Attorney General Strange in his official capacity. *See* M.D. Ala. LR 15.1.

C.  **Plaintiffs' Individual Capacity Claims Against Mr. King**

While Mr. King states in a footnote that he is entitled to qualified immunity for Plaintiffs' § 1983 claims brought against him in his individual capacity, Mr. King offers no argument or support for this position, and therefore, that contention will not be considered at this juncture. However, Mr. King does offer substantial argument that the statute of limitations bars Plaintiffs' claims.

Section 1981 does not provide a cause of action against state actors. Claims against state actors for § 1981 violations must be brought through § 1983. *Butts v. Cnt'y of Volusia*, 222 F.3d 891, 892-94 (11th Cir. 2000). For the typical § 1983 case, "the two-year limitations period of Ala. Code § 6-2-38(l) applies to [§] 1983 actions in Alabama." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989).

8

However, a separate four-year statute of limitations applies to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990. 28 U.S.C. § 1658(a). The issue is whether the two-year statute of limitations for § 1983 claims or the four-year statute of limitations for certain § 1981 actions apply to Plaintiffs' claims.

The four-year statute of limitations applies to § 1981 claims brought against state actors under § 1983 if the claims arose from the amended version of § 1981. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338 (11th Cir. 2008) (citing *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 383 (2004)). Determining whether the claims for employment discrimination arise under the amended provisions of § 1981 is a fact-intensive inquiry in which the court must determine if the "[claims rise] to the level of a new and distinct relation between the employee[s] and the employer . . . ." *Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989), *superseded by statute,* § 1658(a), *as recognized in Jones*, 541 U.S. at 383.

This inquiry cannot be appropriately addressed by a motion to dismiss, which only tests the factual allegations in the complaint in the light most favorable to the plaintiff. *See Pielage*, 516 F.3d at 1284. At this early stage of the proceedings, when evidentiary submissions and fact discovery have not been provided to evaluate the differences between the positions, dismissal of the claims that could arguably fall within the four-year statute of limitations is not appropriate.

However, to the extent that the complaint brings claims that indisputably arose more than four years before the filing of the complaint, such as the claims that ALJ Adams was denied promotions from Attorney III to Attorney IV in 2005 and 2006, those claims are due to be dismissed as they are barred under either the two-year or four-year statutes of limitations.

## V.  CONCLUSION

Accordingly, it is ORDERED as follows:

1. OAG's Motion to Dismiss the Title VII claims (Doc. # 8) is DENIED.

2. OAG's Motion to Dismiss the § 1983 claims (Doc. # 8) is GRANTED.

3. Defendant Troy King's Motion to Dismiss the § 1983 claims against him in his official capacity (Doc. # 10) is GRANTED.

4. Defendant Troy King's Motion to Dismiss the § 1983 claims against him in his individual capacity (Doc. # 10) is GRANTED as to claims that indisputably arose more than four years before the filing of this suit and is DENIED at this time as to the remaining claims against Defendant King in his individual capacity.

5. Plaintiffs are GRANTED leave to file an Amended Complaint substituting Attorney General Strange in his official capacity **on or before April 9, 2012**.

DONE this 29th day of March, 2012.

                                        /s/ W. Keith Watkins  
                               CHIEF UNITED STATES DISTRICT JUDGE